**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ULTIMATEPOINTER, L.L.C., § § § § § § § § § §<br>Plaintiff,<br>vs.<br>NINTENDO CO., LTD. *et al.*,<br>Defendants. | | CASE NO. 6:11-CV-496 LED<br><br>**JURY TRIAL** |
| ULTIMATEPOINTER, L.L.C., § § § § § § § § § §<br>Plaintiff,<br>vs.<br>NINTENDO CO., LTD. *et al.*,<br>Defendants. | | CASE NO. 6:11-CV-571 LED<br><br>**JURY TRIAL** |

## ORDER

Before the Court are: Defendants' Motion to Sever the Retailer Defendants for Misjoinder Pursuant to Federal Rules of Civil Procedure 20 and 21 and to Dismiss or, alternatively, to Stay the Litigation Against the Retailer Defendants (6:11-cv-496, Dkt. No. 167; 6:11-cv-571, Dkt. No. 119); and Defendants' Motion to Reconsider the September 21, 2012 Order Denying as Moot Defendants' Motion to Sever and Transfer the Claims Against Nintendo and to Stay the Claims Against the Retailer Defendants (6:11cv496, Dkt. No. 186; 6:11cv571, Dkt. No. 136). After reviewing the parties' briefing and hearing oral argument, the Court **DENIES** the Motions.

## BACKGROUND

On September 15, 2011, one day before the America Invents Acts ("AIA") went into effect, Plaintiff UltimatePointer, LLC ("UltimatePointer") filed a first suit against Nintendo Co., Ltd. and Nintendo of America (collectively, "Nintendo"), and seventeen Retailer Defendants for infringement of U.S. Patent No. 7,746,321 ("'321 patent") by making, using, selling, offering to sell, and/or importing Nintendo Wii systems, games, and related accessories. On September 21, 2011, UltimatePointer filed an amended complaint adding allegations against Nintendo controllers and sensors, and adding two Retailer Defendants. On November 1, 2011, UltimatePointer obtained a continuation patent, U.S. Patent No. 8,049,729 ("'729 patent"), and filed a second infringement case against the same defendants and the same products. UltimatePointer accuses two classes of products of infringement: Nintendo Wii products manufactured by Nintendo and sold by the Retailer Defendants; and Wii-compatible products manufactured by third parties and sold by the Retailer Defendants. Nintendo's Wii System is composed of a game console, a sensor bar, a controller, and included games.

On January 10, 2012, Defendants moved to sever and stay the claims against the Retailer Defendants, and to transfer the remaining claims against Nintendo to the Western District of Washington ("First Motion to Sever"). Dkt. No. 83. Defendants argued that UltimatePointer's claims identified only Nintendo products and, therefore, adjudication of the claims against Nintendo would dispose of the claims against the Retailer Defendants. Thus, Defendants contended that the claims against the Retailer Defendants were peripheral and should be severed and stayed. Plaintiff responded that its claims included both Nintendo products and accessories and games not made by Nintendo, but sold by the Retailer Defendants. So, the resolution of the claims against Nintendo would not dispose of all of the claims against the Retailer Defendants.

After the First Motion to Sever was fully briefed by the parties, Plaintiff served its Preliminary Infringement Contentions pursuant to Patent Local Rule 3-1 and 3-2. Dkt. No. 149. Defendants, in turn, filed a new Motion to Sever for Misjoinder ("Second Motion to Sever"). In light of the new motion, the Court denied as moot the First Motion to Sever and set the Second Motion to Sever for hearing. Defendants then filed a Motion to Reconsider the September 21, 2012 Order Denying the First Motion to Sever as Moot ("Motion to Reconsider"). Dkt. No. 186. Defendants argue that their First Motion to Sever was not moot because when the case was filed, Nintendo was the single real party in interest, but Plaintiff then expanded the scope of the litigation when they served Infringement Contentions accusing some 1,800 non-Nintendo products. Dkt. No. 186 at 3. However, Defendants recognize that the Court must resolve the Second Motion to Sever before resolving Defendants' First Motion to Sever.[1] Thus, the Court set both the Motion to Reconsider and the Second Motion to Sever for hearing on January 17, 2013.

## APPLICABLE LAW

Defendants may be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in this action." FED. R. CIV. P. 20(a)(2). The Federal Circuit recently clarified that, in patent cases, "joinder is not appropriate where different products and processes are involved." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). However, "[j]oinder of independent defendants is . . . appropriate where the accused products or processes are the same in respects relevant to the patent." *Id.* "[I]ndependent defendants satisfy the transaction-or-

---

[1] Defendants request that the Court grant the relief requested in the following manner: first, the Court should decide Defendants' Second Motion to Sever and sever and dismiss all claims involving non-party products; second, as the remaining claims will be only against Nintendo products, the Court should grant Defendants' First Motion to Sever and sever the Retailer Defendants from the case against Nintendo; and third, the Court should transfer the case against Nintendo to the Western District of Washington.

occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical-relationship test is satisfied if there is a substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts." *Id*. at 1358. "It is clear that where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied." *Id.* at 1356. The Rules encourage joinder of claims, parties, and remedies, in the broadest possible scope of action. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

However, *In re EMC* does not govern the cases filed after the passage of the America Invents Act, 35 U.S.C. § 299. *Id.* at 1356. The AIA, which became effective September 16, 2011, codified new rules governing the joinder of parties in civil actions "arising under any Act of Congress relating to patents." 35 U.S.C. § 299. Pursuant to the AIA, parties accused of patent infringement may be joined in one action as defendants if: (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action. 35 U.S.C. § 299. Effectively then, the AIA adds to the first prong of Rule 20 a requirement that the transaction or occurrence relate to the making, using, or selling of the same patented product or process.

Once properly joined, "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a).

## ANALYSIS

*Motion to Sever for Improper Joinder*

Defendants seek severance for misjoinder because "[t]here is no substantial evidentiary overlap between the patent infringement claims against the Nintendo products and the patent infringement claims against the non-party products." Dkt. No. 167 at 1. Defendants argue that Plaintiff accuses not only Nintendo products, but also hundreds of products made by roughly 200 other, non-party manufacturers and, therefore, this case presents the classic misjoinder situation where different manufacturers' products are accused of infringing the same patent in a single case. *Id.* Defendants contend that the Retailer Defendants are peripheral with respect to the Nintendo products, and misjoined as to the non-party products because more than 2,000 different accused products made by approximately 200 non-parties are lumped together in a single case. *Id.* at 2.

UltimatePointer responds that the Retailer Defendants are properly joined under Rule 20 because it asserts a common claim for infringement—sales of Nintendo Wii systems—against all parties. Dkt. No. 173 at 1. UltimatePointer asserts that the parties' manufacture, sale, and distribution of an infringing device makes them joint tort-feasors, properly joined under Rule 20. *Id.* at 2. Thus, UltimatePointer argues that there is at least one claim for relief against all Defendants and the same-transaction-or-occurrence test for proper joinder is satisfied. *Id.* at 1. UltimatePointer further argues that asserting additional claims for infringement against only the Retailer Defendants does not defeat proper joinder, because Rule 20 only requires the same

5

transaction or occurrence with respect to *any* right to relief, not all. *Id.* at 3. Plaintiff argues that Rule 18 of the Federal Rules of Civil Procedure governs joinder of claims and allows a party to join as many claims as it has against an opposing party, even if the claims do not involve common questions of law or fact and arise from unrelated transactions. *Id.* at 6.

Rule 20 requires only that any right to relief that arises out of the same transaction or occurrence be asserted against all defendants. FED. R. CIV. P. 20(a)(2). When there is a substantial evidentiary overlap in the facts giving rise to a right to relief against each defendant, defendants are properly joined.[2] *In re EMC Corp.*, 677 F.3d at 1358. UltimatePointer accuses each defendant of infringement by making, using, selling, or offering to sell Nintendo Wii systems. Thus, there is at least one common claim of patent infringement against all defendants for the same accused product.

This is not the classic misjoinder situation where different defendants, making different products, are accused of infringing the same patent in a single case. Both Rule 20 and the AIA allow for the joinder of two parties accused of patent infringement if *any* right to relief is asserted against the parties jointly, severally, or in the alternative. FED. R. CIV. P. 20(a)(2); 35 U.S.C. § 299. The word "any" indicates that so long as joinder is appropriate for one or more

---

[2] As an ancillary matter, UltimatePointer filed the instant cases both before and after the AIA went into effect with new guidelines for determining whether joinder of parties is appropriate. Therefore, both the AIA and the pre-AIA joinder requirements may apply. Several courts have recognized that the newly enacted statute requires a higher standard for joinder. *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH,* No. 8:12-cv-1153-ODW, 2012 U.S. Dist. LEXIS 142034 (C.D. Cal. Oct. 1, 2012) at *7; *Omega Patents, LLC v. Skypatrol,* LLC, No. 1:11-cv-24201-KMM, 2012 WL 2339320 (S.D. Fla. June 19, 2012) at *1; *Motorola Mobility, Inc. v. Tivo, Inc.*, No. 5:11-cv-53-JRG, 2012 WL 2935450 (E.D. Tex. July 18, 2012) at *1. The AIA prohibits joinder unless the relief arises out of the same transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process. 35 U.S.C. § 299. *In re EMC* guides joinder of parties in patent cases filed before the AIA's enactment: to be properly joined, "the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts." *In re EMC Corp.*, 677 F.3d at 1358. Nonetheless, the Federal Circuit recognized that "where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied." *Id.* at 1356. Thus, the transaction-or-occurrence test is satisfied under both the AIA and *In re EMC* when, as here, there is an allegation that defendants are jointly liable for the manufacture and sale of the *same* product. Accordingly, under both the AIA and the pre-AIA standard, the Retailer Defendants are properly joined.

claims, misjoinder will not result from the presence of other independent infringement claims against a defendant. In fact, because Defendants are properly joined, Rule 18 explicitly allows for the joinder of as many claims as Plaintiff has against an opposing party. FED. R. CIV. P. 18(a). Since the parties are not improperly joined, the Court will not sever the Retailer Defendants. Accordingly, the Court **DENIES** Defendants' Second Motion to Sever.

*Motion to Reconsider*

Defendants recognize in the Motion to Reconsider that the Court must grant Defendants' Second Motion to Sever if they are to receive the relief sought in their First Motion to Sever—stay of the claims against the Retailer Defendants and transfer of the case against Nintendo to the Western District of Washington. Dkt. No. 186 at 4. Because the Retailer Defendants are properly joined, the Court will not sever them. Accordingly, the Court **DENIES** Defendants' Motion to Reconsider.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Sever the Retailer Defendants for Misjoinder and **DENIES** Defendants' Motion to Reconsider the September 21, 2012 Order Denying as Moot Defendants' Motion to Sever.

**So ORDERED and SIGNED this 27th day of March, 2013.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**