IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ULTIMATEPOINTER, LLC, | § | |
| | § | |
| Plaintiffs, | § | CASE NO. 6:11-CV-496 |
| | § | CASE NO. 6:11-CV-571 |
| vs. | § | |
| | § | PATENT CASE |
| NINTENDO CO., LTD., *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Enforce Patent Rule 3-1 (Dkt. No. 167) and Defendants' Motion for Leave to Supplement Invalidity Contentions (Docket No. 244). Upon consideration of the parties' arguments, the Motions are **GRANTED**.

## BACKGROUND

On September 15, 2011, Plaintiff UltimatePointer, LLC ("UltimatePointer") filed a first suit against Nintendo Co., Ltd., Nintendo of America, and several Retailer Defendants (collectively, "Defendants") alleging infringement of U.S. Patent No. 7,746,321 ("'321 patent"). On November 1, 2011, UltimatePointer obtained a continuation patent, U.S. Patent No. 8,049,729 ("'729 patent"), and filed a second infringement case against the same defendants and the same products. UltimatePointer accuses of infringement: Nintendo's Wii System, composed of a game console, a sensor bar, a controller, and included games; 49 Wii controllers; 43 sensor bars; and 1,912 Wii games. Nintendo manufactures the Wii console, seven of the accused Wii controllers, a single accused sensor bar, and 146 accused Wii games. Third parties manufacture and develop the remaining accused controllers, sensor bars, and games.

On June 8, 2012, Plaintiff served its original Infringement Contentions (Dkt. No. 149). After Defendants complained that Plaintiff's Infringement Contentions were deficient, Plaintiff provided amended Infringement Contentions on September 26, 2012. In its (Amended) Infringement Contentions, Plaintiff charted the accused products using (a) representative drawing(s) for the Wii system, the controllers, the sensor bars, and the games. Plaintiff identified the specific accused controllers, sensor bars, and games in separate exhibits.

The parties continued to meet and confer regarding Plaintiff's contentions, but ultimately reached an impasse. Defendants then filed the Motion to Enforce Patent Rule 3-1. In its response, Plaintiff attached Second Amended Infringement Contentions offering: an explanation of the similarity between the accused Wii controllers and sensor bars; screenshot charts for the calibration points of 13 Wii games at issue; and screenshots of the 181 games Plaintiff has tested with respect to the "first point" limitation. Defendants maintain that Plaintiff's Infringement Contentions remain deficient despite these additions, as they only chart a generic representative product.

Contemporaneously, Defendants filed a Motion for Leave to Supplement their Invalidity Contentions seeking to add five new prior-art references. Defendants allege that they discovered the five new references as a result of their diligent investigation and the cooperation of a non-party Japanese video game company. Plaintiffs opposed the supplementation, arguing that the new references would obfuscate Defendants' actual invalidity arguments among the multiple references and claim charts.

## APPLICABLE LAW

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer*

*Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). Patent Rule 3–1 requires a party asserting infringement to serve infringement contentions on each defending party. These "contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, [but] they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009).

Patent Rule 3-1 requires a party asserting infringement (to) provide each defending party "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). Although the Patent Rules require separate charts for each accused product, the Court has allowed plaintiffs to use a single chart applicable to multiple products where separate charts would be identical for each product. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528–29 (E.D. Tex. 2005) (Davis, J.) ("[T]he Court ORDERS ConnecTel to designate exemplar accused infringing products and compare those products to each asserted patent on a claim by claim, element by element basis."); *Juxtacomm Techs., Inc., v. Ascential Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008) (Davis, J.); *cf. Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (striking plaintiff's infringement contentions against Vista because plaintiff had only charted the Windows XP product and it was undisputed that Vista and Windows XP, are only seventy percent similar).

When a party seeks to amend or supplement its invalidity contentions, leave to amend is required and may be granted upon a showing of good cause. P.R. 3-6(b). When determining whether leave to amend is appropriate, the Court considers: (1) the explanation for the party's

failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003).

ANALYSIS

*Motion to Enforce Patent Rule 3-1*

      Defendants argue that Plaintiff's infringement contentions are deficient because they fail to identify where each element of each asserted claim is found within each accused instrumentality, as required by the Patent Rules. Dkt. No. 167 at 1. Instead, Plaintiff only charts a generic product as "representative" and parrots the claim language in the contentions. *Id.* Defendants further argue that Plaintiff fails to provide evidence that the products operate similarly to the representative product and point to Plaintiff's previous arguments that the Nintendo Wii games include different calibration functions than the third party games. *Id.* Defendants also contend that while Plaintiff's Second Amended Contentions provide more detail by the inclusion of screen shots, the contentions still fail to chart all of the elements of the asserted claims to the actual accused products or show that the chart is actually representative of the accused products. Dkt. No. 242 at 1, 2.

      Plaintiff counters that its infringement theories are clear, thus there is no need to occupy thousands of pages with similar screenshots. Dkt No. 178 at 2. Plaintiff states that its Second Amended Infringement Contentions provide: 88 pages of screenshot charts for the calibration points of 13 Wii games at issue; screenshots of more than 150 Wii games tested for the "first point" limitation; and an explanation of the technical and functional identity between the accused Wii controllers and sensor bars. *Id.* at 1.

The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Patent Rule 3-1 requires a party asserting infringement to provide each defending party a "chart identifying *specifically* where *each* element of each asserted claim is found within *each* Accused Instrumentality." P.R. 3-1(c) (emphasis added). Plaintiff's infringement contentions fail to explain how each accused product meets the asserted claim elements. While Plaintiff may deem it unnecessary to occupy thousand of pages charting the accused instrumentalities, the breadth of the accused products does not excuse Plaintiff from the duty of providing infringement contentions that are reasonably precise and detailed to provide defendants with adequate notice of the plaintiff's theories of infringement. *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07cv559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009).

It is possible for a plaintiff to use a single chart for multiple products, *if* separate charts would be *identical* for each product. *See Juxtacomm Techs., Inc. v. Ascential Software Corp.*, 548 F.Supp.2d 379, 381 (E.D. Tex. 2008). However, broad conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules. *See Global Sessions LP v. Travelocity.com LP*, No. 6:10cv671, 2012 WL 1903903, at *4 (E.D. Tex. May 25, 2012) (noting that Plaintiff's broad claim that several websites were related to the charted website did not excuse Plaintiff from filing separate claim charts for each website). To designate and chart only an exemplar accused infringing product, Plaintiff must provide an explanation of the technical and functional identity of the products represented. Plaintiff must also compare each exemplar product to each asserted patent on a claim by claim, element by element basis. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528–29 (E.D. Tex. 2005) (Davis, J.).

Accordingly, the Court **ORDERS** UltimatePointer to supplement its infringement contentions to include a description of how each accused instrumentality meets each claim element.

*Motion for Leave to Supplement Invalidity Contentions*

Defendants also request leave to amend their invalidity contentions by adding five prior art references and the corresponding claim charts. Defendants contend that through diligent development of their invalidity theories and the cooperation of SEGA, a non-party Japanese video game company, they learned of the existence of additional prior art references. Dkt. No. 244 at 6. Defendants argue that these prior-art references address the "image sensor" limitation found in all claims asserted of the '729 patent and three claims of the '321 patent. *Id.* at 7. Furthermore, all five prior-art references involve calibration methods, which is the overarching idea of the asserted claims. *Id.* Defendants, therefore, contend that the prior-art references are of high importance to Defendants' case. *Id.* at 8. Defendants also allege that the prior-art references do not add new invalidity theories, but instead only add unique features relevant to the technology at issue. *Id.* Finally, Defendants argue that supplementation does not require a continuance, as trial is not set until September 2014. *Id.* at 9.

Plaintiff responds that Defendants have not shown good cause to justify the supplementation because four of the five new references were publicly available before Defendants' deadline to submit invalidity contentions. Dkt No. 249 at 1. Plaintiff also argues that the new references are cumulative, as they are newer versions of previously asserted Sega references. *Id*. Plaintiff contends that adding the new references would prejudice them because Defendants' actual invalidity arguments would be hidden among Defendants' 49 primary prior-art references. *Id*.

Defendants have been diligent in focusing their invalidity theories. Defendants discovered the importance of the additional prior-art references after further investigation and cooperation by a third party. Futher, Defendants offered to withdraw claim charts for the previous versions of the references Defendants seek to add, an offer which Plaintiff refused. Although Plaintiff complains of being prejudiced by the number of prior art references, given the breadth of products accused by Plaintiff of infringement, the prejudice to plaintiff is minimal. Finally, there is no need for a continuance. Accordingly, Defendants have leave to supplement their invalidity contentions.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Enforce Patent Rule 3-1 (Dkt. No. 167) and Defendants' Motion for Leave to Supplement Invalidity Contentions (Docket No. 244) are **GRANTED**. Plaintiffs shall supplement their infringement contentions in accordance with this Order by June 14, 2013. Likewise, Defendants shall supplement their invalidity contentions by June 28, 2013.

**So ORDERED and SIGNED this 28th day of May, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**