UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ULTIMATEPOINTER, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>NINTENDO CO., LTD. *ET AL.*,<br><br>                    Defendants. | Civil Action No.:    6:11-CV-496 (LED)<br>Consolidated With:  6:11-CV-571 (LED)<br><br>Jury Trial Demanded |

## **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXPEDITE**

Contrary to Defendants' argument in their Response (Dkt. No. 299), exigent circumstances exist to address Plaintiff's Motion to Compel. Defendants have a long history of delayed and incomplete document production, and there is now only two months remaining to complete this production, review documents, take depositions, and prepare expert reports. The time to expect voluntary compliance has long since passed. Immediate action is absolutely required.

The deadline for the completion of document production was September 26, <u>2012</u>. (Dkt. No. 161 at 2, ¶ 2.A.) Nintendo produced 56% of its documents only after this deadline, <u>46%</u> of its documents only after the Court's warning on May 28, 2013, and nearly 3,000 additional pages just in the <u>last week</u>. Rules aside, Plaintiff specifically requested all of these late documents in November <u>2012</u>. (Pl.'s Mot. to Compel, Ex. 1.) After Defendants' reassurances at the May 28, 2013 hearing, and a lengthy but unsuccessful meet-and-confer process (*see* Pl.'s Mot. to Compel, Cert. of Conference), there is no more time for lengthy briefing or empty promises of cooperation and good faith. Document production must be completed well before depositions, and depositions must be completed well before expert reports. The present deadline for expert

1

reports and to complete discovery is November 15, 2013 — only two months from now. Even assuming that Nintendo were to now "voluntarily" agree with Plaintiff's requests, at Nintendo's current rate of production, relevant documents would remain missing long after the close of discovery.



Fig. 1 — Nintendo's Total Document Production (in pages).

By way of further example, Target's deposition was conducted on August 6, 2013 — over one month ago. Target had <u>first</u> produced sales records for the accused Wii systems on the <u>evening before</u> the deposition (almost 11 months after the deadline). In that deposition, Target's witness testified that these sales records were still incorrect. (Pl.'s Mot. to Compel at 10-12.) Now, over one month later, and despite assurances that Target would "work with Plaintiff" (Defs.' Resp. at 8), Target has <u>still</u> not produced records for <u>any</u> its sales of Wii systems and has neither proposed nor agreed to <u>any</u> form of follow-up to its incomplete deposition.

Similarly, Best Buy's deposition was conducted on August 8, 2013. Best Buy's witness and Target's witness both had difficulty identifying which products were included in their sales

2

records, but both testified that they kept other records used in their business to identify these products. (Pl.'s Mot. to Compel at 8.) One month later, <u>none</u> of these documents have been produced.

With respect to expert reports and depositions from prior Wii patent litigation, Nintendo argues that there is no exigency because it has "for all practical purposes" agreed to Plaintiff's proposed compromise. The Court should summarily reject this argument. These documents were all requested in November <u>2012</u>. Yet Nintendo failed to produce <u>any</u> of them until June 21, 2013, and even then selectively produced only those that it viewed as helpful to its July 2013 Motion for Summary Judgment. (*See* Pl.'s Mot. to Compel at 3-6.) Then, after a month of Plaintiff's complaints and two weeks of meeting and conferring about the still missing documents, Plaintiff offered a last ditch compromise: Nintendo would produce only certain expert reports from only half of Nintendo's prior Wii patent cases, whereas depositions and exhibits would be produced upon request. Nintendo would not agree even to that! (Defs.' Resp. at 5.) Nintendo would only agree to "discuss" these depositions and exhibits, and instead suggested that Plaintiff should view them as "not relevant." With all due respect, the parties' past discussions, arguments about relevancy, and multiple meet-and-confer sessions have so far either proven fruitless or delayed production for many months. (*See* Fig. 1 *supra*.) At present, only two months remain to produce the missing documents, review them, conduct depositions, and prepare expert reports. Additional delays would effectively preclude this discovery.

## CONCLUSION

For all these reason, Plaintiff UltimatePointer, LLC respectfully requests that the Court order Defendants to file any response to Plaintiff's pending Motion to Compel no later than September 17, 2013.

Respectfully submitted this 12th day September, 2013.

/s/ Gregory L. Maag, with permission by Thomas L. Warden
Gregory L. Maag, *Lead Attorney*
State Bar No. 12748500
gmaag@conleyrose.com
Charles J. Rogers
State Bar No. 00786205
crogers@conleyrose.com
Thomas L. Warden
State Bar No. 24004174
twarden@conleyrose.com
Michael J. Guthrie
State Bar No. 24058267
mguthrie@conleyrose.com
CONLEY ROSE, P.C.
1001 McKinney St., Suite 1800
Houston, Texas 77002
Telephone: (713) 238-8000
Facsimile: (713) 238-8088

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

ATTORNEYS FOR PLAINTIFF
ULTIMATEPOINTER, L.L.C.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of September, 2013, a true and correct copy of the foregoing ***Plaintiff's Reply in Support of Motion to Expedite*** was filed electronically using the Court's CM/ECF system, and that the Notice of Electronic Filing from the court is proof of service of the document on all counsel who are deemed to have consented to electronic service.


                                /s/ Thomas L. Warden
                                Thomas L. Warden