IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ULTIMATEPOINTER, L.L.C.**, | § § § | |
| Plaintiff, | § § § | **NO. 6:11-CV-496-LED** |
| v. | § § | **NO. 6:11-CV-571-LED (Consolidated)** |
| | § § | Jury Trial Demanded |
| **NINTENDO CO., LTD., ET AL.**, | § § § | |
| Defendants. | § | |

**NINTENDO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL
<u>A COMPLETE RESPONSE TO INDIVIDUAL INTERROGATORY NO. 1</u>**

UltimatePointer, LLC ("Plaintiff") argues that the work product doctrine protects the dates that Plaintiff first learned of the accused products and the dates it first acquired or purchased those products. But when Nintendo offered a compromise specifically tailored to avoid such alleged work product issues, Plaintiff still refused. Plaintiffs' continued refusal to produce the requested information thus has nothing to do with work product concerns. Instead, Plaintiff wants to avoid providing evidence that shows that Plaintiff did little or no investigation before accusing 200+ products of infringement. Regardless, work product does not protect this information. Plaintiff should be compelled to produce the requested information so Nintendo can prepare its defenses.

### A. Plaintiff Rejected Nintendo's Compromise Offer Directly Addressing Plaintiff's Alleged Work Product Concerns.

Information sought by Interrogatory No. 1 is not work product. Nevertheless, to avoid burdening this court with the dispute, Nintendo offered Plaintiffs a compromise on September 19, 2013, that avoids the concerns Plaintiff raises in its brief. Plaintiff did not accept that offer.

Plaintiff argues that revealing the dates its trial counsel learned of and acquired the accused products would reveal work product because "Defendants would learn in what order Plaintiff focused its search for and analysis of infringing products . . . as well as the order that trial counsel analyzed particular infringement issues." Pl.'s Opp. at 3 (Dkt. 303). In response, Nintendo offered to further narrow its request to nothing more than simple yes/no questions about general date ranges. Specifically, whether Plaintiff purchased or acquired the accused products before: (1) Plaintiff's counsel sent a letter to Nintendo in 2010; (2) Plaintiff filed the first lawsuit; and (3) Plaintiff served its first set of infringement contentions. Ex. 1 (Sep. 19, 2013 email from M. Nelson to T. Warden). This narrowly tailored request for information reveals no strategy. Nintendo offered to withdraw its motion if Plaintiff provided this limited

1


and non-work product information. *Id*. Plaintiff rejected the compromise; its refusal to disclose this information is telling.

### B. The Work Product Doctrine Does Not Protect The Dates Sought.

The work product doctrine does not apply to the information sought by Interrogatory No.1 because the doctrine "does not protect facts concerning the creation of work product or facts contained within work product." Defs.' Mot. (Dkt. 289) at 6 (quoting *Res. Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995)). Factual circumstances related to a plaintiff's investigation of infringement claims are not work product. Here, the Interrogatory merely asks for the dates that Plaintiff "first learned of the product" and "first acquired and/or purchased the product." *Id*. at 2. It does not require Plaintiff to disclose who purchased or acquired the products, what, if anything, Plaintiff did with the products once they were acquired, why they were acquired, or any other strategic information. Nintendo is asking for dates and nothing more. That information will not reveal Plaintiff's mental processes or litigation strategy and is not work product.[1]

Indeed, in a case in this District, *STMicroelectronics, Inc. v. SanDisk Corp.*, the Court ordered the plaintiff's counsel to submit affidavits identifying which of the defendant's products had been acquired and the date of each acquisition. No. 4:05-cv-045, slip op. at 2 (E.D. Tex. Sep. 7, 2006) ("The affidavits of [plaintiff's counsel and expert consultant] detail that purchase of products occurred over a 14 month period starting shortly before suit was filed an continuing for almost a year after suit was filed.") (attached as Ex. 3); *id.* at 4 ("At best, Blumberg's affidavit reflects that he was continually purchasing products even after the [infringement] contentions were due …"). Although issued during a dispute over a motion to amend

---

[1] To the extent Plaintiff claims work product protection over its purchases or other methods of acquiring Defendants' products, it should have listed the related documents on its privilege log. Plaintiff failed to do so. *See* Ex. 2 (privilege log dated Sep. 18, 2012).

infringement contentions, Judge Bush's order that plaintiff's counsel submit affidavits detailing the dates of purchases of accused products is consistent with Nintendo's request here. The *STMicroelectronics* order did not force counsel to reveal mental processes or litigation strategy, nor did it invade work product.

The cases Plaintiff cites do not change this analysis. Plaintiff analogizes the selection of documents for deposition preparation in two cases originating in the Third Circuit to the dates here. *See* Pl.'s Opp. at 2-3 (relying on *Sporck v. Peil*, 759 F.2d 312, 315-16 (3d Cir. 1985) and *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982)). But the information at issue in those cases is a far cry from the information Interrogatory No. 1 seeks. In both cases, a party produced hundreds of thousands of documents to the other side, and then selected a smaller number of key documents for its own use in preparing witnesses for depositions. *Sporck*, 759 F.2d at 313-14; *James Julian*, 93 F.R.D. at 144. In both cases, opposing counsel demanded to know the selection of key documents. The courts rejected the requests because counsels' deliberate selection of key documents—out of hundreds of thousands of documents produced— would reveal legal strategy and help the other side sift through the documents. *Sporck*, 759 F.2d at 315-17; *James Julian*, 93 F.R.D. at 144. Plaintiff now tries to spin the *James Julian* decision as broadly holding that any "selection process may be more critical than legal research" (Pls.' Opp. at 3). Plaintiff ignores the context of these cases. The *James Julian* decision was much more specific to the facts at issue in that case. The full quote reads:

> In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case. Indeed, in a case such as this, *involving extensive document discovery*, the process of selection and distillation is often more critical than pure legal research.

*Sporck*, 759 F.2d at 316 (quoting *James Julian*, 93 F.R.D. at 144) (emphasis added). Neither case stands for the broad proposition that a general "process of selection," in any context, is

3

entitled to work product protection. Instead, the courts merely refused to allow unfair shortcuts in document reviews by parties piggybacking off the opinion work of the producing parties while preparing witnesses for depositions. Those holdings have no relevance here.[2]

Additionally, the *Sporck* court's recognition that the work product doctrine is meant to prevent a chilling effect on attorneys supports Nintendo's position. The lack of work product protection would have discouraged attorneys in that case from properly preparing witnesses:

> In the instant case, without the protection that the work product doctrine accords his preparation, defense counsel may have foregone a sifting of the documents, or at the very least chosen not to show the documents to petitioner. As a result, petitioner may not have been as well-prepared for his deposition, and neither plaintiff nor defendant would have realized the full benefit of a well-prepared deponent's testimony.

*Sporck*, 759 F.2d at 317. In contrast, applicability of the work product doctrine should have had no effect on Plaintiff's actions: Plaintiff is obligated to analyze each product it accuses of infringement before filing suit. *See Am. Video Graphics, LP v. Elec. Arts, Inc.*, 359 F. Supp.2d 558, 560-61 (E.D. Tex. 2005). With or without the perceived protection of work product, Plaintiff must fulfill its obligations. The work product doctrine does not apply.

## C. The Information Sought Is Relevant.

Plaintiff also argues that the information sought is not relevant. But information about when Plaintiff knew or should have known of the alleged infringement is critical to determining when the laches period begins and for the defense of estoppel. Defs.' Mot. at 3-4. Plaintiff takes issue with whether Nintendo can succeed on the merits, but Plaintiff cannot diminish the information's relevance by prematurely challenging the merits of the defenses. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any

---

[2] Plaintiff's reliance on *Flaherty v. Seroussi*, 209 F.R.D. 300 (N.D.N.Y. 2002), is likewise misplaced. In *Flaherty*, the court refused to compel production of certain newspaper articles selectively saved by plaintiff's counsel because (1) the articles were publicly available and could be obtained by the defendant through its own efforts and (2) the selection of the articles might reveal the plaintiff's litigation strategy. In contrast, there is no other way for Nintendo to know the dates at issue, and those dates—by themselves—reveal nothing about the litigation strategy.

nonprivileged matter that is relevant to any party's claim or defense." That is the end of the analysis: Nintendo is entitled to discovery on defenses it has pled, including laches and estoppel.

Plaintiff also incorrectly argues the adequacy of Plaintiff's pre-filing investigation is not at issue because no Rule 11 motion has yet been filed. Pls.' Opp. at 7-8. Nintendo's Interrogatory is not limited to Plaintiff's pre-suit investigation. Moreover, Nintendo pleaded that this is an exceptional case. A wide variety of circumstances are relevant to a finding of exceptional case, including "litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, __ F.3d __, 2013 WL 4055141, at *5 (Fed. Cir. Aug. 13, 2013). Further, "litigation misconduct alone may suffice to make a case exceptional," and the exceptional-case decision must be based on "the totality of the circumstances." *Id.* at *5, *8. Courts have allowed discovery in similar circumstances pursuant to the exceptional case theory. *See, e.g., Robert Bosch LLC v. Snap-On Inc.*, No. 12-11503, 2013 WL 1703328 (E.D. Mich. April 19, 2013) (compelling answer to interrogatory regarding exceptional case); *see also STMicroelectronics* (Ex. 2) at 2 (ordering submission of affidavits detailing when accused products were purchased). Such discovery is proper here where serious questions persist about whether Plaintiff conducted an adequate investigation before subjecting Nintendo to the expense of needlessly evaluating thousands of accused products. *See* Defs.' Mot. at 5. Under these circumstances, discovery of when exactly Plaintiff obtained these products is highly relevant.

## CONCLUSION

For the foregoing reasons, Plaintiff should be compelled to provide a complete response to Interrogatory No. 1 for each of the 200 products that are accused in Plaintiff's TAIC.

| | |
|---|---|
| Dated: September 23, 2013 | Respectfully submitted |

By: /s/ Steven M. Geiszler

Mark C. Nelson (Lead Attorney)
Texas Bar No. 00794361
mark.nelson@dentons.com
Steven M. Geiszler
Texas Bar No. 24032227
steven.geiszler@dentons.com
DENTONS US, LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201-1858
Telephone: (214) 259-0900
Facsimile: (214) 259-0910

Trey Yarbrough
Texas Bar No. 22133500
trey@yw-lawfirm.com
Debby E. Gunter
Texas Bar No. 24012752
debby@yw-lawfirm.com
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191

**Attorneys for Nintendo Co., Ltd.; Nintendo of America Inc.; Best Buy Stores, L.P.; BestBuy.com, LLC; Best Buy Purchasing, LLC; BJ's Wholesale Club, Inc.; CompUSA.com, Inc.; TigerDirect, Inc.; GameStop Corporation; PC Connection, Inc.; QVC, Inc.; Sears, Roebuck & Co.; Kmart Corporation; Target Corporation; Toys "R" Us-Delaware; Trans World Entm't Corp.; Wal-Mart Stores, Inc.; Wal-Mart Stores Texas, LLC; Sam's East, Inc.; and Sam's West, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2013, I served the forgoing document with the Clerk of the Court by using the CM/ECF System, which will serve all counsel of record by notice of electronic filing pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.2.

By: /s/ Steven M. Geiszler

80952650